UNITED STATES DISTRICT COURT
For the DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>Washington, D.C.<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>And<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>　　　　Defendants. | Civil Action No. 23- |

## **COMPLAINT**

Jane Doe ("Ms. Doe" or "Plaintiff"), by and through undersigned counsel, hereby alleges:

1. Plaintiff brings this action under the Privacy Act ("PA"), 5 U.S.C. § 552a *et seq.*, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* (collectively "PA/FOIA"), for declaratory, injunctive, and other appropriate relief against Defendants United States Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI").

2. By this action, Plaintiff seeks to compel Defendants to comply with their obligations under the PA and FOIA: (a) to respond promptly and fully to Plaintiff's request for records about Defendant FBI's decision to discontinue her employment application; and (b) to provide responsive records, or segregable portions, being withheld improperly by Defendants.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under: (a) the PA, 5 U.S.C. § 552a(g)(1); (b) FOIA, 5 U.S.C. § 552(a)(4)(B); and (c) 28 U.S.C. § 1331 because this is a civil action arising under laws of the United States, specifically, the PA and FOIA.

4. Venue is proper in this District under: (a) the PA, 5 U.S.C. § 552a(g)(5); (b) FOIA, 5 U.S.C. § 552(a)(4)(B); and (c) 28 U.S.C. § 1391(e)(1).

## PARTIES

5. Plaintiff Jane Doe is a citizen of the United States, who resides in the District of Columbia.

6. Plaintiff is a "person" authorized to request records from a federal agency under FOIA. 5 U.S.C. § 551(2).

7. Under the PA, Plaintiff is an "individual" authorized to request "records" maintained by DOJ and its component, FBI, in a "system of records." 5 U.S.C. § 552a(a)(2)-(5).

8. Defendant DOJ is a federal agency within the meaning of: (a) the PA, 5 U.S.C. § 552a(a)(1); (b) FOIA, 5 U.S.C. §§ 551(1), 552(f)(1), and (c) 28 U.S.C. § 2671. DOJ's headquarters are located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530

9. Defendant FBI, a component of Defendant DOJ, is also a federal agency within the meaning of the PA, 5 U.S.C. § 552a(a)(1) and FOIA, 5 U.S.C. §§ 551(1) and 552(f)(1). It has possession, custody, and control of the records that Plaintiff seeks. The FBI's headquarters are located at 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535.

## FACTUAL ALLEGATIONS

### *Plaintiff's Employment Application to FBI*

10. While a college student, in or about the Fall of 2019, Plaintiff, Ms. Doe, applied to the FBI for employment upon graduation from college in May 2020.

11. In or about January 2020, the FBI offered Plaintiff employment following graduation conditioned on her successful completion of a background investigation.

12. Plaintiff promptly accepted the FBI's conditional job offer.

13. On or about May 15, 2021, the FBI notified Plaintiff by email that it had "discontinued" her employment application because she did "not meet the suitability standards for FBI employment." The FBI allegedly based its decision "on information …obtained during [Plaintiff's] application process." *See* Exhibit 1 attached.

14. The FBI failed to specify the information on which it based its decision to discontinue Plaintiff's employment application.

15. The FBI further informed Plaintiff that:

> If it was found that you knowingly withheld information about illegal drug use, criminal activity, or any other violation of U.S. federal law, you will not be considered for future employment with the FBI. This may also negatively affect future employment opportunities with other federal agencies.

*Id*. The FBI never stated whether it had made such a finding about Plaintiff.

### *Plaintiff's PA/FOIA Request and FBI's Response*

16. Following the FBI's instructions in its email dated May 15, 2021, Plaintiff submitted through the FBI's eFOIPA portal, on or about May 15, 2021, her request under the PA and FOIA for records in her file about her employment application and the FBI's decision to discontinue it.

17. The requested records are: (a) maintained by the FBI in a "system of records" under the PA, 5 U.S.C. § 552a(a)(3)-(5); and (b) agency records under FOIA, 5 U.S.C. § 552(f)(1)-(2).

18. By letter dated May 19, 2021, the FBI acknowledged Plaintiff's request under the PA and FOIA, assigning it "FOIPA Request No. 1496945-000." *See* Exhibit 2 attached.

19. Twenty-six days later, by its two-page letter dated June 14, 2021, the FBI transmitted in pdf format ten pages of records in response to Plaintiff's PA/FOIA request. The records state, in two separate places, that their purpose "is to advise that the captioned candidate [Plaintiff] has been deemed not suitable for FBI employment based on a Tier 5 background investigation …." *See* Exhibit 3 attached.

20. The FBI withheld information in the ten pages of records by substantially redacting them before producing them. With the FBI's redactions, the produced records fail to identify specific reasons for the FBI's having deemed Plaintiff "not suitable for FBI employment." *Id*.

21. The redacted records likewise fail to identify any specific factual determinations by the FBI during its Tier 5 background investigation to support its "deeming" of Plaintiff as "not suitable for FBI employment." *Id*.

22. In support of the extensive redactions, the FBI cited generally nine separate statutory provisions allegedly exempting various categories of records from disclosure under the PA and FOIA.

23. The four PA exemptions cited are: (a) 5 U.S.C. § 552a(j)(2); (b) § 552a(k)(2); (c) § 552a(k)(5); and (d) § 552a(k)(6). *See id*.

24. The five FOIA exemptions cited are: (a) 5 U.S.C. § 552(b)(3); (b) § 552(b)(5); (c) § 552(b)(6); (d) § 552(b)(7)(C); and (e) § 552(b)(7)(E). *See id*.

25. The FBI failed to adequately identify specific reasons why each exemption is relevant, and to correlate each claimed exemption with a particular redacted portion of the ten pages of records.

*Plaintiff's Administrative Appeal*

26. On or about June 28, 2021, Plaintiff filed with the Office of Information Policy ("OIP") in Defendant DOJ her administrative appeal of the FBI's decision to withhold substantial information in response to her PA/FOIA request.

27. The OIP acknowledged receipt of Plaintiff's administrative appeal on June 28, 2021, and informed her that the OIP had assigned the appeal number A-2021-02093. *See* Exhibit 4 attached.

28. Plaintiff briefly summarized her grounds for appeal in her initial filing, and later supplemented them with detailed factual and legal arguments in support of her appeal in letters to OIP dated December 29, 2021, and March 1, 2022.

29. On September 20, 2022, the OIP decided Plaintiff's appeal, more than 14 months after its filing, "remanding, in part, [Plaintiff's] request to the FBI for additional consideration of certain withholdings." *See* Exhibit 5 attached.

30. The OIP noted that [i]f the FBI determines that additional records are releasable, it will send them to you directly, subject to any applicable fees." *Id.*

31. The OIP further stated that it was "otherwise affirming, on partially modified grounds, the FBI's action on [Plaintiff's] request", apparently because "[c]ertain information withheld from [Plaintiff] consists of information regarding third parties that does not pertain to" Plaintiff. *Id*.

32. The OIP neither explained nor otherwise discussed how protection of information of third parties could justify the extensive redaction of substantive information from the ten pages of disclosed records. Nor did OIP address any of Plaintiff's detailed factual and legal arguments in her letters dated December 29, 2021, and March 1. 2022, in support of her appeal.

33. By its letter to Plaintiff dated September 21, 2022, the FBI acknowledged receipt of the OIP's remanded appeal. The FBI wrote that it had "opened [Plaintiff's] remanded appeal and will inform you of the results in future correspondence. Exhibit 6 attached.

34. As of the filing of this Complaint, the FBI has neither informed Plaintiff of its determination of Plaintiff's request on remand, nor disclosed to Plaintiff any additional records or information.

35. As of the filing of this Complaint, the FBI has provided no information about the status of its response to the OIP's remand, other than to state that its "FOIPA Program is processing [Plaintiff's] request in accordance to [sic] the Freedom of Information and Privacy Acts guidelines. Exhibit 7 attached.

36. Because Defendant DOJ's determination of Plaintiff's administrative appeal upheld Defendant FBI's denial of Plaintiff's administrative appeal in whole or in part, Plaintiff is authorized under FOIA to proceed with this Complaint seeking judicial review of Defendants' determinations. *See* 5 U.S.C. §§ 552(a)(6)(A)(ii); 552(a)(4)(B); Exhibit 5.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER FOIA

37. Plaintiff exhausted her administrative claims with respect to her request by timely taking the administrative appeal described above in paragraphs 26 and 27.

38. By its OIP, Defendant DOJ decided Plaintiff's administrative appeal, remanding, in part, her PA/FOIA request for the FBI to consider further certain withholdings. *See* ¶¶ 29-31.

39. Defendant DOJ's remand was a renewed request under 5 U.S.C. § 552(a)(6)(A), requiring Defendant FBI to determine within twenty business days after receipt of the request whether to comply with the request and to notify Plaintiff of the FBI's determination and the reasons for it.

40. More than twenty business days have elapsed since Defendant FBI's receipt of the request on remand on September 21, 2022.

41. Accordingly, under 5 U.S.C. § 552(a)(6)(C), Plaintiff is deemed to have exhausted her administrative remedies with respect to her PA/FOIA request and may immediately file suit in district court.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE

*(Failure to Comply with the PA -- Failure to Determine Whether Additional Records or Portions Are Releasable)*

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

43. Under the Privacy Act, 5 U.S.C. § 552a(d)(1), Plaintiff has a right to access, to review, and to have a copy made of records and information that pertain to her and are maintained by Defendant DOJ and its component, Defendant FBI, in a system of records.

44. Defendants may lawfully and properly withhold information only if it is protected from disclosure by a specific exemption enumerated in the PA. *See* 5 U.S.C. § 552a(k). Defendants carry the burden to establish that they have not improperly withheld information. 5 U.S.C. § 552a(g)(3)(A).

45. Following the DOJ's remand of Plaintiff's PA/FOIA request, Defendant FBI had and continues to have a legal obligation to consider further its withholdings to determine whether additional records, or portions of them, are releasable.

46. The FBI has violated and continues to violate Plaintiff's rights under the PA by failing to promptly consider further its initial withholding of information and to promptly determine whether additional records, or portions of them are releasable.

## CLAIM TWO

*(Failure to Comply with the PA – Failure to Release Non-Exempt Records)*

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

48. Defendants violated, and are continuing to violate Plaintiff's rights under 5 U.S.C. § 552a(d)(1) by unlawfully and improperly redacting, and thereby withholding non-exempt information contained in ten pages of records pertaining to Plaintiff in response to her lawful and proper request under the PA.

49. In doing so, Defendants further violated, and are continuing to violate Plaintiff's rights under the PA by failing to adequately establish that they lawfully and properly withheld the information under one or more exemptions under the PA.

## CLAIM THREE

*(Failure to Comply with FOIA – Failure to Timely Determine Plaintiff's Request on Remand)*

50. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

51. Under FOIA, Plaintiff lawfully and properly requested records maintained by Defendants, agencies of the United States, in a manner that reasonably described the requested records and was in accordance with Defendants' published rules and procedures for making such a request. 5 U.S.C. § 552(a)(3)(a).

52. FOIA requires an agency to make a determination regarding each request within twenty working days, or thirty days where unusual circumstances are present, and the agency sends a timely written notice of such circumstances. The agency must: (a) determine whether to comply with the request; and (b) notify the person making the request of the agency's determination and the reasons for it. *See* 5 U.S.C. § 552(a)(6)(A)-(B).

53. Upon a determination to make records available to the person making the request, the agency must do so "promptly." 5 U.S.C. § 552(a)(3)(A).

54. FOIA's time requirements for making a determination and for making records available apply to defendant DOJ's remand of Plaintiff's PA/FOIA request to Defendant FBI for additional consideration.

55. Defendant FBI was legally required to make its determination on remand and to notify Plaintiff in accordance with 5 U.S.C. § 552(a)(6)(A)-(B).

56. Defendant FBI has violated and continues to violate Plaintiff's rights under FOIA by failing to timely consider further its initial withholding of information and to timely determine whether additional records, or portions of them are releasable.

## CLAIM FOUR

### *(Failure to Comply with FOIA – Unlawful Withholding of Nonexempt Information)*

57. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

58. Upon receipt of Plaintiff's lawful and proper request, Defendants could lawfully withhold information under FOIA only if: (a) Defendants reasonably foresaw that disclosure of the records would harm an interest protected by an exemption from disclosure enumerated in 5 U.S.C. § 552(b); or (b) disclosure was prohibited by law, 5 U.S.C. § 552(a)(8)(A)(i).

59. In withholding information, Defendants were legally required under FOIA to: (a) consider whether partial disclosure of the requested information was possible; and (b) take reasonable steps necessary to segregate and release nonexempt information. 5 U.S.C. § 552(a)(8)(A)(ii).

60. Defendants violated and are continuing to violate Plaintiff's rights under FOIA by withholding nonexempt information that is required to be released.

61. Defendants further violated and are continuing to violate Plaintiff's rights under FOIA by failing adequately to segregate and release nonexempt information.

62. Defendants further violated and are continuing to violate Plaintiff's rights under FOIA by failing adequately to justify their withholding of redacted information required to be released.

## CLAIM FIVE

### (*Costs and Fees*)

63. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

64. Under both the PA and FOIA, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred" in a case such as this one, if "the complainant has substantially prevailed." 5 U.S.C. §§ 552a(g)(2)(B); 552(a)(4)(E)(i).

65. Plaintiff is entitled to recover fees and costs incurred as a result of Defendants' violation of the PA and FOIA.

66. Plaintiff requests the Court to order Defendants to pay reasonable attorneys' fees and other litigation costs incurred in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

1. A declaration that Defendants have violated PA and FOIA by failing to lawfully satisfy Plaintiff's PA/FOIA request;

2. An order enjoining Defendants from withholding agency records, and information contained in the records to which Plaintiff is lawfully entitled;

3. An order that Defendants produce to Plaintiff all records, and information contained in the records that Defendants have improperly withheld;

4. An order awarding Plaintiff her costs and attorneys' fees;

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: May 23, 2023 2023

/s/ *James M. Becker*
James M. Becker
D.C.  Bar No. 248963
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th St., Suite 3200
Philadelphia, PA  19102
james.becker@bipc.com
(215) 665-5366