UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE,** *et al.*,<br><br>    **Defendants.** | Civil Action No. 23-1467 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed this lawsuit against the Department of Justice and the Federal Bureau of Investigation pursuant to the Privacy Act, 5 U.S.C. § 552a *et seq.*, and the Freedom of Information Act, id. § 552 *et seq.*, to learn why the FBI rejected her 2019 employment application. See ECF No. 1 (Complaint), ¶ 1. She alleges that the Bureau found her unsuitable for FBI employment and warned that "'if it was found that [she] knowingly withheld information about illegal drug use, criminal activity, or any other violation under U.S. federal law, [she] will not be considered for future employment with the FBI'" and could face difficulties seeking employment "'with other federal agencies,'" all without telling her whether the FBI "had made such a finding" about her. Id., ¶¶ 13, 15 (quoting FBI letter of May 15, 2021).

Plaintiff also moves to proceed under a pseudonym. See ECF No. 2 (Pl. Motion). She contends that proceeding under a pseudonym would "preserve her compelling privacy interest in keeping confidential sensitive and highly personal information surrounding the FBI's decision to 'discontinue' [her] employment application." Id. at 1. Specifically, she seeks to avoid associating her name with her claim that the FBI both informed her that she "did not meet the

1

suitability standards for FBI employment" and implied that she may have withheld information about unlawful conduct.  Id. (internal quotation marks omitted).

Because Plaintiff has not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny the Motion.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.       Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1) .  That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Washington Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;

[4] whether the action is against a governmental or private party; and relatedly,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.     Analysis

Plaintiff has not met her burden to show that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity.  The Court will address each of the five factors in turn, focusing on the first.

The first factor does not support granting the Motion.  Plaintiff contends that she "has a compelling privacy interest in keeping confidential the FBI's extremely negative assertions about her" because "[p]ublicly linking them to Plaintiff will seriously damage her employment prospects."  Mot. at 5–6.  Concerns about litigation threatening future employment opportunities are certainly relevant to the first factor.  See Doe v. Lieberman, No. 20-2148, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020) ("[T]he purpose of plaintiff's action is to prevent word of the charge of professional misconduct from reaching the National Practitioner Data Bank. . . . [I]f an adverse report is made to that body, . . . [plaintiff] will be unable to . . . practice medicine.") (internal quotation marks omitted).  Yet "cases challenging revocations of, denials of, or investigations regarding security clearances are frequently litigated under the plaintiffs' real names."  Doe 1 v. Benoit (Benoit I), Misc. No. 19-59, 2018 WL 11364383, at *3 (D.D.C. Nov. 20, 2018) (citing cases and denying initial request to proceed under pseudonym in lawsuit concerning "insider threat" investigation); see, e.g., Oryszak v. Sullivan, 565 F. Supp. 2d 14, 17 (D.D.C. 2008) (proceeding without pseudonym in challenge to revocation of security clearance).

Disclosing Plaintiff's identity here would at most imply that the FBI may have found that she was dishonest about some unidentified past activity.  That vague implication is not a finding,

3

and it does not specify an offense. In Doe v. Benoit (Benoit II), No. 19-1253, 2019 WL 13079193 (D.D.C. Apr. 30, 2019), by contrast, this Court's predecessor granted a Department of Defense employee's request to proceed under a pseudonym only after she "offered sufficient detail about the risks of having her name associated with" a specific charge of misconduct: being an "insider threat." Id. at *4 (modifications and internal quotation marks omitted). Since that charge could "unfairly brand" the plaintiff, who worked in the security-sensitive defense industry, "as a likely terrorist or traitor, and at best, as a troublemaker," such that no defense contractor would hire her, the court had the "ful[l] explanation" necessary to identify a serious threat to her employment. Id. at *3–4.

In addition, Plaintiff's own Declaration notes that she seeks "future employment opportunities with the United States Department of Justice, including the FBI, and other federal agencies," ECF No. 2-1 (Sealed Declaration), ¶ 14, but at least some of these entities already have access to the FBI's unsuitability finding. Outside of such agencies, Plaintiff does not show that other employers would treat the FBI's vague statement alone as disqssualifying. See Lieberman, 2020 WL 13260569, at *3 (granting pseudonymity request where "charge of unprofessional conduct" contained in complaint could render doctor "unable to practice medicine" if it reached a practitioner data bank). Although Plaintiff contends that "rational employers will refuse to hire" her based on the FBI's letter, see Mot. at 5, she offers no convincing explanation why.

To the extent that Plaintiff suggests more broadly that her lawsuit may eventually reveal additional details about the FBI's finding that could tarnish her reputation, that kind of "'speculative and unsubstantiated claim[] of harm to a [plaintiff's] reputational or economic interests'" is typically "insufficient to justify proceeding anonymously." John Doe Co. No. 1 v.

CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (quoting Doe v. Pub. Citizen, 749 F.3d 246, 274 (4th Cir. 2014)). That is especially the case when it is a plaintiff's own lawsuit that "seeks public disclosure of the very records he claims may harm him." Doe v. Teti, Misc. No. 15-1380, 2015 U.S. Dist. LEXIS 142522, at *7 n.3 (D.D.C. Oct. 19, 2015). Finally, although Plaintiff "projects some injury coming solely from the possible contents of documents that might be produced in response to h[er] requests for information that are at the core of this action," she "has projected no injury that a protective order could not remedy in the ordinary course of the litigation should such an order become necessary." Id. at *11. "In this way, not only is [Plaintiff's] request to mask h[er] name upon filing this action unsupported, but also h[er] fear of injury is premature." Id.

Plaintiff argues that two additional considerations strengthen the nature of the privacy interest she asserts here. First, she notes that her privacy interest "must be evaluated against the backdrop of confidentiality provisions under the [Privacy Act] and FOIA." Mot. at 6. She points specifically to provisions in those statutes that require Defendants to keep her records confidential. See id. at 7–8; 5 U.S.C. § 552a(b) (Privacy Act); id. § 552(b) (FOIA). Yet these provisions protect against disclosure, which is the very remedy Plaintiff's Complaint seeks. They offer no support, on the other hand, for allowing her to proceed pseudonymously. Indeed, Plaintiff's own Complaint alleges that the FBI's findings are not entirely exempt from disclosure. See Compl., ¶¶ 23–24, 44, 59 (seeking "nonexempt" information).

Quoting Doe v. Massachusetts Institute of Technology, 46 F.4th 61 (1st Cir. 2022), Plaintiff next argues that the injury she alleges in her lawsuit is of the kind that "would be incurred as a result of the disclosure" of her identity, such that prohibiting her from proceeding under a pseudonym would doom her lawsuit and chill others from bringing similar claims. See

Mot. at 9. Plaintiff's lawsuit, however, alleges only that she has a right to access documents that Defendants have declined to disclose to her, not that the FBI has improperly disclosed or threatened to disclose her identity. See Compl., ¶¶ 46, 48, 56, 61–62; Mem. Op. & Order, Doe v. FDA, No. 23-1389 (D.D.C. May 19, 2023), ECF No. 7 at 1, 5 (granting request to proceed under pseudonym in lawsuit filed to enjoin defendants from releasing plaintiff's identity). Therefore, although Plaintiff declares that she will not "pursue this civil action" under her name for fear of the impact that it would have on her "future employment applications," Pl. Decl., ¶¶ 17–19, that is her choice to make as she is the one seeking the release of materials here. In any event, she also does not distinguish her case from the others this Court has cited in which plaintiffs proceeded under their names. See, e.g., Oryszak, 565 F. Supp. at 17; Benoit II, 2019 WL 13079193, at *4 (listing additional examples). The first factor therefore supports disclosure of Plaintiff's identity.

The second and third factors add further weight to the scale supporting disclosure because, as Plaintiff concedes, she "does not contend that she or any non-party is at risk of physical or mental harm if her identity is disclosed," and her case does not implicate the privacy interests of any minors. See Mot. at 10.

The next two factors lend some support to Plaintiff's Motion. With respect to the fourth, Plaintiff has sued two government agencies, and "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 5–6 (D.D.C. 2014)); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns

6

about their respective reputations"). This factor therefore supports proceeding pseudonymously, but only slightly, as Defendants (as is typical) have not had the opportunity to file an opposition to Plaintiff's Motion. As for the fifth factor, Defendants would suffer no "risk of unfairness" if the Motion were granted, as Plaintiff has already identified herself to them and has offered to file her address under seal. See In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); ECF No. 3 (Motion for Leave to File Address Under Seal).

On balance, although the fourth and fifth factors offer some support to Plaintiff's Motion, the first through third tip the scales toward disclosure. The Court therefore finds that Plaintiff has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is DENIED;

2. Plaintiff's [3] Motion for Leave to File Document Under Seal is DENIED;

3. Within fourteen days of the Court's Order, Plaintiff shall:

    i. Advise the Clerk of the Court whether she wishes to proceed with filing the Complaint on the public docket using her real name; and

    ii. File her [2] Motion on the public docket, with appropriate redactions to any attachments that identify her name or address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: June 1, 2023